UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLENE M. PHLYPO and
ESTATE OF DAVID L. DEFORGE,

                    Plaintiffs,

v.

BNSF RAILWAY CO., *formerly known as*
BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,

                    Defendant.

Case No. 17-CV-472-JPS

**ORDER**

       In this action, Plaintiffs allege that David L. DeForge ("DeForge") died from exposure to various toxic substances during his 37-year employment with Defendant, BNSF Railway Co. ("BNSF"). Specifically, Plaintiffs assert that DeForge was exposed, by touch, inhalation, or consumption, at varying levels throughout his long career, to "various toxic substances and carcinogens including but not limited to chemicals, solvents, diesel fuel/exhaust, benzene, heavy metals, creosote, manganese and rock/mineral dust and fibers." (Docket #1 ¶¶ 5–7). As a result, he developed non-Hodgkin's lymphoma and related diseases. *Id.* ¶ 8. Plaintiffs claim damages under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*

       BNSF has filed a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e), which provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party

cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The objective of this Rule is to ensure that a party has the minimum amount of information required by Rule 8 to enable him to craft a responsive pleading. *See Coleman v. Majestic Star Casino, LLC*, Cause No. 2:11–CV–391–PPS–PRC, 2012 WL 1424396, at *1 (N.D. Ind. Apr. 24, 2012). It is not a substitute for discovery. *Id.*

BNSF says that Plaintiffs' complaint is deficient because it alleges a non-exhaustive list of conditions, caused by exposure to a huge number of substances at various unspecified times, locations, and levels, throughout a 37-year period. (Docket #4 at 2). Plaintiffs counter that they have been as specific as they can and that BNSF, as his former employer, is in a superior position to know the particular substances DeForge was exposed to, when, and in what amounts. (Docket #15 at 3).

The Court finds that Plaintiffs' pleading is sufficient to put BNSF on notice of the claim against it. Plaintiffs provided decedent's identity, his dates of employment, and general details about the work he performed while employed. They listed the toxic substances to which he was allegedly exposed and claimed that BNSF's negligence led to that exposure. They connected that exposure to the conditions that ostensibly caused his death. Nothing more is required under the Federal Rules, which demand only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Coleman*, 2012 WL 1424396, at *1.

BNSF may want more specificity as to what DeForge was exposed to and when, but these matters can be addressed in discovery. The present lack of detail does not render the complaint so vague, ambiguous, or confusing that BNSF cannot answer it. *See MacNeil Auto. Prods, Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ind. 2010); *U.S. for Unse of*

*Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987) (Rule 12(e) motions are disfavored and should be granted "only when the pleading is so unintelligible that the movant cannot draft a responsive pleading"). Certainly, Plaintiffs' allegations far surpass those in *Slinski v. CSX Transp.*, No. 07-CV-10270-DT, 2007 WL 1377931, at *1 (E.D. Mich. May 8, 2007), cited by BNSF, in which the plaintiff filed a 5-paragraph complaint that did not identify the purported injury with meaningful specificity. By contrast, here Plaintiffs have alleged a claim "plausible on its face," and included factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). As a result, BNSF's motion will be denied.[1]

Accordingly,

**IT IS ORDERED** that Defendant's motion for more definite statement (Docket #4) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] In its reply, BNSF complains that Plaintiffs' Rule 26(a) disclosures do not make up the perceived gap in Plaintiffs' complaint. (Docket #18 at 3–5). Because the Court does not share BNSF's view that the complaint is deficient, it need not discuss the contents of Plaintiffs' Rule 26(a) disclosures.